IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARApril 17, 2015YLAND
<u>BALTIMORE DIVISION</u>

| | |
|---|---|
| In re: | ( |
| Rex's Place, Inc.<br>dba Cavallaro & Company | ( Case No.: 15-12314--NVA |
| Debtor(s) | ( (Chapter 7) |
| Zvi Guttman, Trustee<br>POB 32308<br>Baltimore, MD 21282 | ( |
| Movant<br>v. | ( |
| M&T Bank<br>One M&T Plaza, 8th Floor<br>Buffalo, NY 14203-2399 | ( |
| The Mall in Columbia Business Trust<br>10300 Little Patuxent Pkwy, Ste. 1600<br>Columbia, MD 21044 | ( |
| Branch Banking & Trust Company[1]<br>BB&T/Branch Banking and Trust<br>200 West Second Street<br>Winston-Salem, NC 27101 | ( |
| Respondents | ( |

**EMERGENCY MOTION TO SELL PROPERTY FREE AND CLEAR OF
LIENS, CLAIMS, AND INTERESTS, AND TO
<u>AUTHORIZE DISTRIBUTION OF PROCEEDS AND ABANDONMENT</u>**

Zvi Guttman, Trustee, by his undersigned attorneys, files this motion and in support hereof, he states:

**Introduction**

This Motion is made pursuant to 11 U.S.C. § 105, 363, 365, 506 and 554 and Bankruptcy Rules 6004, 6006, 6007 and 9019. By this Motion the Trustee seeks (a) to

---

[1] A search of SDAT's UCC database reflects a blanket lien UCC-1 in favor of Branch Banking & Trust Company [SDAT File Number 0000000181263664] . Thus, BB&T is named herein. However, upon information and belief, the debt underlying the un-released UCC-1 in favor of BB&T has been satisfied. Indeed, BB&T is not a scheduled secured creditor herein and has filed an unsecured claim in the case [POC  #1].

sell (with the consent of the parties with an interest therein) tangible personal property of the estate free and clear of liens, claims and interests on an immediate basis, (b) to distribute the proceeds of said sale in accordance with a tripartite agreement by and amongst the Trustee and the Debtor's landlord and secured creditor, and (c) to abandon any tangible assets not removed by the Trustee from the Debtor's leased premises.

## Background

1. This is a core proceeding. 28 U.S.C. §157(b)(2)(A),(M), (O).

2. The Debtor commenced this case by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 19, 2015.

3. Zvi Guttman serves as the successor Chapter 7 Trustee in this case.

4. The Debtor operated a hair salon in leased premises (the "Leased Premises") at The Mall in Columbia (the "Mall"). The Landlord is The Mall in Columbia Business Trust, a entity related to or affiliated with General Growth Properties.

5. Rent is approximately $20,000/mth. Having been in Chapter 7 for almost two months, administrative rent is approximately $40,000. 11 U.S.C. § 365(d)(3). The Lease will be deemed rejected on April 20, 2015. 11 U.S.C. § 365(d)(1).

6. Substantially all of the assets of the Debtor are encumbered by a first priority lien in favor of M&T Bank.[2]

7. Both the Landlord's administrative rent and the claim of M&T Bank, exceed the value of the Assets.

## The Assets

8. In addition to styling hair, the Debtor sold hair care and nail care products.

9. An Inventory of the tangible assets owned by the Debtor (collectively, the "Assets") is set forth in the Debtor's Schedule B and fall into three categories; (a) equipment (the "Equipment") (b) retail inventory and backroom inventory ("Inventory") and (c) fixtures (the "Fixtures").[3]

10. Based upon offers received, the scheduled values of the Assets are over-stated and in any event unachievable under the circumstances, as follows:

   a. **The Fixtures**. A quantity of items listed in Schedule B are affixed, even if only by glue, to the leased Premises. Whether or not they are fixtures in the legal sense, the Landlord has demanded that the Trustee not remove any such items. Because the value of the

---

[2] SDAT File Number 1000362003917574, filed October 9, 2102

[3] An extract of Schedule B is attached hereto as Exhibit A.

        Fixtures does not exceed the administrative rent concession described below, the Trustee will comply with the Landlord's demand.

    b.    **Equipment**. The value of the Equipment is relatively insignificant.

    c.    **Inventory**. The Inventory is valued in Schedule B at retail. In liquidation, its value is closer to half of wholesale (approximately 25% of retail).

11.    The Trustee has inspected the Debtor's business premises and assets and met with the principal of the Debtor. Based upon his inspection, the meeting, the Schedules, public records and documents, the Trustee believes that an immediate disposition of the Assets is necessary and prudent in order to protect the interests of the estate and maximize the recovery for creditors.

### Creditor Claims, Consents and Agreements

12.    M&T Bank holds a blanket lien on the Assets. M&T Bank consents to the proposed sale. In exchange for its consent, and on account of its secured claim, the Trustee will pay M&T 1/3 of the proceeds of sale of the Assets.

13.    The Landlord lays claim to the Fixtures and asserts an administrative rent claim in excess of $40,000.000.The Landlord consents to the proposed sale. In exchange for its consent, and on account of its administrative rent claim, the Trustee will pay the Landlord 1/3 of the proceeds of sale of the Assets. In addition, the Landlord will allow the Trustee to store the Equipment and Inventory in available storage space at the Mall for up to 45 days. Finally, the Trustee will abandon the Fixtures and any other Assets not removed from the Premises and the Landlord will be permitted to dispose of said Assets as it sees fit in its sole and absolute discretion.[4]

14.    Upon information and belief, no other creditor or party has an interest in the Assets to be sold. If other consents are necessary, they will be obtained prior to the hearing on this Motion.

### Relief Sought

**A.   Sale of Assets**

15.    The Trustee, with the assistance of the principal of the Debtor, has procured buyers for much of the Equipment and Inventory. The Equipment has been offered for sale at the nominal prices the Trustee believes he could obtain on the open market. The Inventory has generally been offered at 25% of retail which is

---

[4] See ¶¶ 23-25, below.

approximately 50% of the Debtor's wholesale cost for such items.

16. As indicated below, four buyers have made the offers indicated. The Trustee seeks authorization to consummate the enumerated sales and to sell the remaining Equipment and Inventory on similar terms as expeditiously as possible. The Trustee will file a notice with a 10 day objection period prior to any such future sale (a "Future Sale") and a Report of sale thereafter. Future Sales are delineated with a TBD in the column marked "Buyer."

| Buyer | Assets | Price |
|---|---|---|
| Envy Salon[5]<br>3723 Old Columbia Pike<br>Ellicott City, MD 21043 | -4 styling chairs @ $100 ea.<br>-Brushes $96.25<br>-Diffusers $7<br>-Printer $25<br>-Moroccan oil w/display $801.40 | $1,329.65 |
| Looks Salon<br>6822 Oak Hall Ln.<br>Columbia, MD 21045 | -Deva Haircare $1,028.82<br>-Redken Haircare $1,525.20<br>-Redken Professional Haircolor $916.25 | $3,470.27 |
| Future Nails<br>7290 Cradlerock Way, Ste A<br>Columbia, MD 21045 | -6 styling chairs @ $100 ea.<br>-OPI nail polish w/displays $1000<br>-2 rolling stations $50<br>-2 wax pots $20<br>-Hempz lotions $40 | $1,710.00 |
| Kerri Nussbaum<br>14814 Sapling Way<br>Glenelg, MD 21737 | -2 Dryer Chairs $100<br>-2 portable hair dryers $50<br>-4 rolling display towers $400<br>**Total $550** | $550.00 |
| TBD | Pureology ($1095.42)<br>Aquage ($153.15)<br>100 tubes of professional color ($270) | $1,518.57 |
| TBD | Matrix Biolage, | 25%~ of Retail |
| TBD | Paul Mitchell | 25%~ of Retail |
| TBD | American Crew | 25%~ of Retail |
| TBD | Nioxin | 25%~ of Retail |
| TBD | Glass top table, cash drawers with receipt printers and barcode scanners | Best Offer |

17. The Trustee seeks to sell the Assets free and clear of all liens, claims and

---

[5] A former principal of the Debtor, Becky Wibberley, now works at this salon.

interests, with such liens, claims and interests, if any, to attach to the proceeds of sale subject to a further determination as to their validity, priority or extent.  Provided, however, that M&T Bank, the Landlord and the Trustee have all agreed to split the proceeds of sale 1/3 each as indicated herein.

18.     Pursuant to 363 (b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.  Pursuant to §363 (f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

19.     Section 363 (f) of the Bankruptcy Code is stated in the disjunctive.  Thus, it is only necessary for the Trustee to satisfy one of the five conditions of §363 (f).  The Trustee believes, and therefore avers, that he will be able to demonstrate that he has satisfied one or more of these conditions with respect to each and every entity claiming an interest in or lien upon such property and that he should be authorized to sell the Assets free and clear of all such liens, claims, encumbrances and interests.  Specifically, M&T Bank, and the Landlord have consented to the sales.

**B.   Compromise and Distribution of Proceeds**

20.     The Trustee and the Debtor's landlord and secured creditor have agreed to a division of the proceeds of sale (i.e., 1/3 each) as well as the other concessions all as hereinabove described.

21.     Given that **each** the landlord's administrative rent claim and the secured creditor's secured claim dwarf the value of the Assets, the proposed compromise is in the best interest of the estate and its creditors.

22.     The Trustee will distribute the landlord's and the secured creditor's share of the proceeds to them within 10 days after receipt.

**C.   Abandonment**

23.     The Trustee has removed all of the saleable Assets from the Leased Premises.

24.     Upon information and belief, any Assets, including Fixtures, not removed from the Leased Premises are burdensome to the estate and of inconsequential value and benefit to the estate.  They will thus be abandoned.

25.     All Assets (personal property, Inventory, furniture, Fixtures and

Equipment) remaining in the Leased Premises are deemed abandoned and the Landlord is authorized to dispose of any abandoned Assets in its sole and absolute discretion without liability to the Debtor, Trustee, or any third party.

**C.   Relinquishment of Leased Premises**

26.   The Premises Lease will be deemed rejected on April 20, 2015.  11 U.S.C. § 365(d)(1).  Nevertheless, possession of the Leased Premises will be relinquished to the Landlord effective April 17, 2015.

**Emergency**

27.   The Trustee asserts that the following reasons justify conducting the sale on an emergency and immediate basis:

    a.   The proposed buyers require expeditious delivery of their product.

    b.   The Inventory and Equipment are only in a semi-secure location and only for a limited period of time.

    c.   The Debtor's insurance coverage has expired.  The Trustee submits that it will be difficult and costly to obtain replacement insurance.

    d.   The value of the assets to be sold is depreciating.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto granting the Motion and:

A.   Authorizing the sale of the Equipment and Inventory on an "as is" basis free and clear of all liens, encumbrances, or interests;

B.   Approving the compromises and distributions described herein;

C.   Authorizing the abandonment of the Fixtures and remaining the Assets and surrender of the Leased Premises to the Landlord;

D.   Authorizing the Trustee to take any and all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the sales of the Assets including without limitation, executing documents conveying the Assets to the buyers;

E.   Directing that all liens, claims and interests, if any, are hereby transferred to the proceeds of the sale with the same priority as such liens, claims and interests had against the Assets pre-sale provided, however, that the proceeds shall be divided and distributed as agreed by the Trustee, the landlord and M&T Bank;

F.   Directing that the relief granted shall not be subject to the stays provided for by Federal Rules of Bankruptcy Procedure 6004, 7062 or otherwise, and this Order shall be effective and enforceable immediately upon its entry.

Equipment) remaining in the Leased Premises are deemed abandoned and the Landlord is authorized to dispose of any abandoned Assets in its sole and absolute discretion without liability to the Debtor, Trustee, or any third party.

**C.   Relinquishment of Leased Premises**

26.   The Premises Lease will be deemed rejected on April 20, 2015.  11 U.S.C. § 365(d)(1).  Nevertheless, possession of the Leased Premises will be relinquished to the Landlord effective April 17, 2015.

**Emergency**

27.   The Trustee asserts that the following reasons justify conducting the sale on an emergency and immediate basis:

    a.   The proposed buyers require expeditious delivery of their product.

    b.   The Inventory and Equipment are only in a semi-secure location and only for a limited period of time.

    c.   The Debtor's insurance coverage has expired.  The Trustee submits that it will be difficult and costly to obtain replacement insurance.

    d.   The value of the assets to be sold is depreciating.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto granting the Motion and:

A.   Authorizing the sale of the Equipment and Inventory on an "as is" basis free and clear of all liens, encumbrances, or interests;

B.   Approving the compromises and distributions described herein;

C.   Authorizing the abandonment of the Fixtures and remaining the Assets and surrender of the Leased Premises to the Landlord;

D.   Authorizing the Trustee to take any and all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the sales of the Assets including without limitation, executing documents conveying the Assets to the buyers;

E.   Directing that all liens, claims and interests, if any, are hereby transferred to the proceeds of the sale with the same priority as such liens, claims and interests had against the Assets pre-sale provided, however, that the proceeds shall be divided and distributed as agreed by the Trustee, the landlord and M&T Bank;

F.   Directing that the relief granted shall not be subject to the stays provided for by Federal Rules of Bankruptcy Procedure 6004, 7062 or otherwise, and this Order shall be effective and enforceable immediately upon its entry.

   G. Directing that all proceeds of sale not disbursed at the direction of the Trustee as authorized herein shall be retained by the Trustee for disbursement in accordance with the Bankruptcy Code and/or further Order of this Court; and

   H. Granting the Trustee such other and further relief as is just and proper.

<div style="margin-left: 40%;">

/s/ Zvi Guttman  
Zvi Guttman (06902)  
The Law Offices of Zvi Guttman, P.A.  
Post Office Box 32308  
Baltimore, Maryland 21282  
(410) 580-0500 Phone  
(410) 580-0700 Fax  
Zvi@zviguttman.com

**Counsel for the Trustee**

</div>